

**FILED**
APR 2 4 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-32628-C-7 |
| ) | |
| MACRINA PIMENTEL, ) | MC No. SMR-1 |
| ) | |
| Debtor. ) | |

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS NOT INTENDED FOR PUBLICATION**

These supplemental findings of fact and conclusions of law, which are not intended for publication, are rendered in this matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtor filed her chapter 7 petition on September 26, 2005. On February 27, 2007, the chapter 7 trustee, Stephen Reynolds ("trustee"), filed an objection to Debtor's amended claim of exemptions for unscheduled bank accounts with balances that the debtor later claimed exempt. During the hearing on March 27, 2007, debtor appeared without her counsel, and contended that the problem, which caused the trustee to expend approximately $1,000.00 of time and expense, was created by her counsel who declined to appear in court without an additional payment. On March 27, 2007, the court ordered that the trustee's objection is overruled, except as to $1,000.00, which is eligible for equitable surcharge. The court further ordered that debtor's counsel show cause in writing by April 13, 2007, why, pursuant to 11 U.S.C. § 329(b), the fee he collected at the time of filing the petition does not exceed the reasonable value of services by the sum of $1,000.00. Debtor's counsel filed a written response to the order to show cause on April 11. 2007. Hearing on the order to show cause was held on April 24, 2007, in which debtor's counsel and the trustee appeared.

In the Order on the order to show cause, to be entered concurrently herewith, the court ruled that the fee received by debtor's counsel was excessive to the extent of $750.00. The court ordered that the debtor's counsel return the $750.00 excess to the debtor.

## Conclusions of Law

Based on this court's Order on the order to show cause, the trustee is authorized to surcharge the debtor's exemption by $750.00.

An appropriate order will issue.

Dated: April 24, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617

Crispin C. Lozano
17057 Bellflower Blvd., #205
Bellflower, CA 90706

Macrina R. Pimentel
363 Avian Dr.
Vallejo, CA 94591

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 4/24/07

_____
Deputy Clerk