

FILED

APR 2 4 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )      Case No. 05-32628-C-7
                                   )
MACRINA PIMENTEL,                  )      MC No. SMR-1
                                   )
          Debtor.                  )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORDER TO SHOW CAUSE
NOT INTENDED FOR PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

Findings of Fact

Debtor filed her chapter 7 petition on September 26, 2005. Within the petition, debtor's counsel, Crispin C. Lozano ("counsel"), signed the Disclosure of Compensation of Attorney

For Debtor, stating that he had accepted and received $1,000.00 as compensation for his services rendered to debtor. Items a. and d. of paragraph 5 of the attorney's disclosure statement detailed that the initial $1,000.00 would not include "analysis of the debtor's financial situation, and rendering [advice] to the debtor in determining whether to file a petition in bankruptcy," and "representation of the debtor in adversary proceedings and [other] contested bankruptcy matters."

On February 27, 2007, the chapter 7 trustee, Stephen Reynolds ("trustee"), filed an objection to Debtor's amended claim of exemptions for unscheduled bank accounts with balances that the debtor later claimed exempt. During the hearing on March 27, 2007, debtor appeared without her counsel, and contended that the problem, which caused the trustee to expend approximately $1,000.00 of time and expense, was created by her counsel who declined to appear in court without an additional payment. On March 27, 2007, the court ordered that the trustee's objection is overruled, except as to $1,000.00, which is eligible for equitable surcharge. The court further ordered that debtor's counsel show cause in writing by April 13, 2007, why, pursuant to 11 U.S.C. § 329(b), the fee he collected at the time of filing the petition does not exceed the reasonable value of services by the sum of $1,000.00.

On April 11, 2007, debtor's counsel filed a response to the order to show cause, stating that he did not learn of these bank accounts until after the filing of the petition and had to perform additional work in responding to the trustee's

objections. Debtor's counsel stated that $1,000.00 is a reasonable value for such services provided, and that debtor had been previously informed that any court hearing was not included in the $1,000.00 fee for filing the bankruptcy petition. Hearing on the order to show cause was held on April 24, 2007, in which debtor's counsel and the trustee appeared.

### Conclusions of Law

The court may order the return of compensation paid to a debtor's attorney that exceeds the reasonable value of services rendered in contemplation of or in connection with the bankruptcy case, to the debtor if the property would have been exempt. 11 U.S.C. § 329(b)(2).

Under the U.S. District Court Rules for the Eastern District of California, General Local Rule 83-182(d) as incorporated by Local Bankruptcy Rule 1001-1(c), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and notice to the client and all other parties who have appeared."

Furthermore, in In re Woodcock, 100 B.R. 520 (Bankr. E.D. Cal. 1989), where the debtor's attorney declined to appear in court on behalf of the debtor without additional fees paid first, this court held that a chapter 7 debtor's counsel could not withdraw absent compliance with local rules.

By declining to appear in court on behalf of debtor without additional compensation, debtor's counsel in effect withdrew leaving his client to appear and defend herself on March

27, 2007 *in propria persona* with respect to a matter involving the basic bankruptcy schedules. Such matters are logically within the obligation of every lawyer who undertakes to represent a debtor in bankruptcy.

Debtor's counsel did not provide services that are mandatory under General Local Rule 83-182(d), once he entered an appearance in the case. It follows that the fee received by debtor's counsel is deemed excessive for the limited services that were actually rendered.

The services that debtor's counsel rendered in this case are not materially different from the work of a bankruptcy petition preparer, plus minimal legal services. In fact, by excluding items a. ("rendering [advice]") and d. ("representation") of paragraph 5 in the attorney's disclosure statement, debtor's counsel reduced himself essentially to the status of a petition preparer. The guideline compensation for a petition preparer in this district is $125.00. Since there was marginally more work performed for the debtor, the appropriate compensation to debtor's counsel is $250.00. The $1,000.00 compensation paid exceeds the reasonable value of the services rendered by debtor's counsel by $750.00.

Thus, debtor's counsel must return the $750.00 excess to the bankruptcy estate.

An appropriate order will issue.

Dated: April 24, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

4

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Crispin C. Lozano
17057 Bellflower Blvd., #205
Bellflower, CA 90706

Macrina R. Pimentel
363 Avian Dr.
Vallejo, CA 94591

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 4/26/07

_____
Deputy Clerk